## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AND GENERAL RELEASE AGREEMENT (this "Agreement") is made and entered into by and between Lilliam Jimenez ("Plaintiff") and South Beach Restaurant & Bar LLC, Felix Cabrera, Pablo Cabrera and Christian Cabrera ("the Defendants) and together Jimenez and the Released Parties are collectively referred to herein as "the Parties."

1. **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with her legal counsel, Benjamin Dictor, Esq. of Eisner & Dictor and/or other advisors of her own choosing in order to obtain advice with respect to the terms of the foregoing and following agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.   This Agreement is intended to resolve only Plaintiff's claims that she had or may have had under the Fair Labor Standards Act (hereinafter "FLSA").

2. **No Admission of Liability.**   The parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of the FLSA or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint entitled, *Lilliam Jimenez v. South Beach Restaurant and Bar LLC, Felix Cabrera, Pablo Cabrera and Christian Cabrera, jointly and severally*, in the United States District Court for the Southern District of New York, Civil Action No: 17-CV—608 (ER) ("the Pending Action"), or which could have been raised in such suit, or which otherwise involved Plaintiff's employment relationship with Defendants and the end of Plaintiff's employment relationship.

3. **Dismissal of Pending Action.**   For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to file or re-file the FLSA claims asserted in the Pending Action and/or the release claims set forth in Paragraph 5. The parties expressly authorize their counsel to execute the Stipulation and Order of Dismissal

With Prejudice set forth in Exhibit A attached hereto and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or limited release of claims as specified herein.

4. **Consideration.** In connection with the FLSA claims asserted by Plaintiff, namely the First through Ninth Causes of Action, Defendants agree to pay Plaintiff and her attorneys the total sum of Fifty One Thousand Four Hundred Eighty Dollars ($51,480) as set forth and allocation in Section 7 below ("the Settlement Payment"). The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties and liquidated damages. Plaintiff's remaining claims as set forth in her Complaint referred to in Par. 2 above, are being resolved by separate agreement.

5. **Release by Plaintiff.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which she had, now has or hereinafter can, shall or may have from the beginning of the world to the effective dates of this Agreement, against Defendants arising under the FLSA, including back pay, front pay, attorneys fees, penalties or costs.    This release is limited solely and only to claims that have arisen on, or prior to, the date of this Agreement is executed and transmitted to counsel for Defendants and it does not release or

discharge any claim that may occur after that date. Further, Plaintiff hereby specifically acknowledges that this Agreement, and a portion of the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of any bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked.

6. **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for her respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state or municipal laws of any kind, with respect to monies paid by Defendants to Plaintiff pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by the Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless and indemnify Defendants for any such liability.

7. **Settlement Payment.**

A. Within thirty (30) days after the Court approves that portion of the settlement designated as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act and fully and finally dismisses the instant action, with prejudice, Defendants will issue the Settlement Payment totaling Fifty One Thousand Four Hundred Eighty ($51,480) payable as follows: (a) Lilliam Jimenez - $19,490 on account of her claim for wages (b) Lilliam Jimenez - $19,490 – on account of her claim for compensatory damages and (c) Eisner & Dictor

- $12,500 – on account of its attorneys fees. The settlement payment will be made by payment plan as follow:

| DATE | AMOUNT | BREAKDOWN |
|---|---|---|
| Within one month of Court approval | $37,500 | Lilliam Jimenez  $25,000<br>Eisner & Dictor  $12,500<br>Balance due:       $13,980 |
| Within two months of Court approval | $ 4,000 | Lilliam Jimenez  $ 4,000<br>Balance due:       $ 9,980 |
| Within three months of Court approval | $ 4,000 | Lillian Jimenez   $ 4,000<br>Balance due:       $ 5,980 |
| Within four months of Court approval | $ 4,000 | Lilliam Jimenez  $ 4,000<br>Balance due        $1,980 |
| Within five months of Court approval | $ 1,980 | Lilliam Jimenez  $ 1,980 |
| TOTAL | $51,480 | |

**B.** In the event of a default in payment of any of the payments required by Paragraph 1, Plaintiff shall provide written notice to Defendants of such default. If Defendants fail to cure such default within fifteen (15) business days after receipt of such notice, Plaintiff may, without further notice or demand, declare the entire principal sum then unpaid immediately due and payable, and at that time Plaintiff may enter a judgment for the amount due, and may immediately seek to collect on the judgment, based on the Affidavit of Confession of Judgment attached as Exhibit "B."

8. **No Assignment of Claims.** Plaintiff represents and warrants that she has not assigned or subrogated any portion of her FLSA claims against the Defendants or authorized any other person or entity to assert such a claim or claims on her behalf. Plaintiff represents that there are no outstanding liens in relation to the claims released herein and agrees to indemnify and hold the Defendants harmless should there be a claim for liens or any third party claims regarding

4

the settlement funds. Plaintiff further represents and warrants that neither she nor any of her heirs, administrators, representative, executors, successors, assigns and/or agents has filed or otherwise commenced any action, complaint, charge, arbitration or any other proceeding, whether administrative, arbitral or judicial, in any forum or jurisdiction whatsoever against any Defendants, other than the instant action.

9. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective status as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

10. **Breach.** In addition to all other available remedies for breach of this Agreement, in the event of a breach of Paragraph 9 of this Agreement, Plaintiff agrees as follows: (i) such breach would constitute a material breach of this Agreement by her; (ii) all monies Plaintiff has received, excluding attorneys fees, up to and including the date of her breach shall be returned to the Defendants as liquidated damages (and not as a penalty) and no further monies will be due from the Defendants to Plaintiff, along with all costs, including attorney's fees, incurred by the Defendants in recovering such monies and in enforcing this Agreement, with the Defendants maintaining all rights, remedies and/or causes of action otherwise available at law or in equity; (iii) in addition to all other available remedies, the Defendants shall be entitled to injunctive relief (without proving actual damages or posting a bond or other security), both preliminary and permanent, enjoining such breach (or threatened breach); (iv) this provision is reasonable; and (v) the release contained in Section 6 of this Agreement will continue to be valid and enforceable

notwithstanding any breach of this Agreement or the return by Plaintiff of any amounts payable hereunder.

11. **Entire Understanding; No Oral Modification.** This Agreement constitutes the entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings between Plaintiff and the Defendants except as set forth in Sections 9 and 10 of this Agreement. Plaintiff acknowledges and agrees that there are no promises, representations, understandings or inducements by the Defendants other than those expressly set forth in this Agreement, and Plaintiff acknowledges and agrees that she has not relied on any other promises, representations, understandings or inducements in executing this Agreement. This Agreement may be amended or modified only by a written agreement signed by the Parties and referring specifically to this Agreement. No waiver of any provision of this Agreement will be binding unless made in writing and signed by the Parties.

12. **Governing Law; Choice of Forum; Waiver of Jury Trial.** This Agreement is governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of laws principles. Disputes arising out of or in connection with this Agreement must be brought in the federal or state courts of the State of New York. The Parties consent to the exclusive jurisdiction of these courts over such disputes and waive any objection based on venue, personal jurisdiction, or inconvenient forum to such disputes proceeding in these courts. THE PARTIES HEREBY IRREVOCABLY WAIVE ANY RIGHT TO A JURY TRIAL FOR ANY DISPUTES ARISING OUT OF OR RELATING TO THIS AGREEMENT. In any action to enforce this Agreement, including with respect to breach thereof, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

13. **Severability.**  If any portion of this Agreement is found to be illegal, invalid or otherwise unenforceable but such portion would be enforceable if some part thereof were deleted or modified, then such portion will apply with such deletion or modification as is necessary to make it enforceable to the fullest extent permitted by law.  If any such portion (other than the release provisions of Section 6) cannot be modified to be enforceable, such portion will be deemed severed from this Agreement and Release and will not affect the validity or enforceability of the remainder of this Agreement and Release.

14. **Third-Party Beneficiaries.**  This Agreement is intended to and will inure to the benefit of each and every one of the Released Parties as third-party beneficiaries.  This Agreement will also inure to the benefit of and be binding upon Jimenez and Jimenez's heirs, administrators, representatives, executors, successors and assigns.  Except as expressly set forth in this Section, this Agreement is not intended to confer any benefits upon, or create any rights in favor of, any third party.  This Agreement shall not be assignable by Plaintiff without the Defendants' express prior written consent and any purported assignment without such consent shall be null and void. The Defendants may assign this Agreement to, and all rights hereunder shall inure to the benefit of, any subsidiary or affiliate of the Defendants or any person, firm or corporation resulting from the reorganization of the Defendants or succeeding to the business or assets of the Defendants by purchase, merger, consolidation or otherwise.

15. **Interpretation; Counterparts.**  No provision of this Agreement is to be interpreted for or against any party hereto because such party drafted such provision.  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.  Any facsimile or pdf copy of any party's

7

executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original thereof.

16. **Section Headings.** Section headings contained in this Agreement are for reference purposes only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement or any provision hereof.

17. **Voluntary Execution; Consideration Period.** PLAINTIFF ACKNOWLEDGES AND AGREES THAT, IN SIGNING THIS AGREEMENT, (i) PLAINTIFF HAS READ THE AGREEMENT AND HAS BEEN GIVEN A REASONABLE PERIOD OF TIME TO CONSIDER THE TERMS AND EFFECTS OF THIS AGREEMENT AND TO ASK ANY QUESTIONS THAT SHE MAY HAVE REGARDING THIS AGREEMENT, (ii) PLAINITFF HAS CONSULTED WITH AN ATTORNEY OF HER CHOOSING PRIOR TO SIGNING THIS AGREEMENT AND HAS HAD AN ADEQUATE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HIM, (iii) PLAINTIFF FULLY UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT AND THEIR LEGAL EFFECTS, AND (iv) PLAINTIFF HAS VOLUNTARILY ENTERED INTO THIS AGREEMENT, RELYING ENTIRELY UPON HER OWN JUDGMENT AND UPON THE RECOMMENDATIONS OF HER LEGAL COUNSEL, WITHOUT BEING PRESSURED OR INFLUENCED BY ANY STATEMENTS OR REPRESENTATIONS BY ANY RELEASED PARTIES.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the undersigned have executed this Agreement as of the dates written below.

SOUTH BEACH                                            LILLIAM JIMENEZ

By: _____   _____*Lillian Jimenez*_____ (signature)

Name:

Title:

Date: _____   Date: __8/17/18__

FELIX CABRERA   PABLO CABRERA

_____   _____

Date: _____   Date: _____

CHRISTIAN CABRERA

_____

Date: _____

08/21/2018 15:12 FAX 6103760504     Super Natural Produce     ☒ 0009/0009

By: _____

Name: Felix Cabrera

Title:

Date: 8/30/18

Date: _____

FELIX CABRERA

PABLO CABRERA

Date: 8/30/18

Date: 9/26/18

CHRISTIAN CABRERA

Date: 9/27/18